**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IVAN MCKINNEY**, | |
| Plaintiff, | Civil Action No. 19-12302 (ZNQ) (TJB) |
| v. | **OPINION** |
| **TALIA RUBEL RYAN, et al.**, | |
| Defendants. | |

**QURAISHI, District Judge**

Plaintiff Ivan McKinney, an inmate at New Jersey State Prison, is proceeding *pro se* with a civil rights complaint. (Compl., ECF No. 1.) Before the Court are Plaintiff's letters and formal motion seeking reconsideration of the Court's order denying Plaintiff's motion to file an amended complaint. (May 26, 2023 Letter, ECF No. 11; July 7, 2023 Letter, ECF No. 12; Mot. for Recons., ECF No. 13.) For the reasons below, the Court will deny Plaintiff's letter requests for reconsideration and Motion for Reconsideration.

## I.      BACKGROUND AND PROCEDURAL HISTORY

Plaintiff initiated this matter on or around May 8, 2019 by filing a complaint alleging claims pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.) In the Complaint, Plaintiff sued Talia Rubel Ryan, Rebecca Santiago, William Leonard, Crystal Raupp, Steven Johnson, Suzanne Lawrence, and Officers Hill and Diaz in connection with his removal from a Restorative Housing Unit ("R.H.U.") activity group at New Jersey State Prison on June 5, 2017. (*See id.*) The group's topic on that date was "What Is Your Intention" and the prisoners were "opening up about relationships and etc." (*Id.* at 13.) According to the Complaint, Defendants Ryan and Santiago, who were leading the group, attempted to limit Plaintiff's speech and did not attempt to limit the other

inmates' speech.  (*See id.*)  Plaintiff characterizes the restriction as a violation of his First Amendment and equal protection rights.  (*See id.*)  Plaintiff further alleges that other Defendants acted "in concert" with Ryan and Santiago to retaliate against him for grievances he had filed by removing him from the group.  (*See id.*)

On May 2, 2022, the Court screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), dismissed all of Plaintiff's Section 1983 claims without prejudice for failure to state a claim for relief, and declined to exercise supplemental jurisdiction to the extent that the Complaint asserted state law claims.  (*See* May 2, 2022 Order, ECF No. 5.)  Critically, the order expressly warned that "the dismissal shall convert automatically to a dismissal with prejudice to the extent Plaintiff does not file an amended complaint within 30 days."  (*Id.*)

On or around May 17, 2022, Plaintiff submitted a letter to the Court indicating that Plaintiff's counsel in another matter has "conveyed a desire to settle all of my cases."  (May 17, 2022 Letter, ECF No. 6.)  The letter requested that the Court "hold in abeyance any pending decision until I am able to report back."  (*Id.*)

On or around June 8, 2022, Plaintiff submitted another letter to the Court regarding his counsel's attempt to "try and settle all my cases in a global fashion."  (June 8, 2022 Letter, ECF No. 7.)  The letter requested a "60[-]day extension in the above matter" purportedly to provide time for settlement discussions.  (*Id.*)

On or around November 17, 2022, Plaintiff filed a motion for leave to amend along with a proposed amended complaint.  (Mot. to Amend, ECF No. 8.)  The proposed amended complaint asserted essentially identical claims against the same defendants for the same underlying events that gave rise to the claims in the original complaint.  (*See id.*)

On May 9, 2023, the Court denied Plaintiff's motion to amend because it was filed well after the thirty-day period to amend had elapsed and after the May 2, 2022 Order had automatically converted into a dismissal with prejudice. (*See* May 9, 2023 Order, ECF No. 10.)  The Court noted that, even if it construed the May 17 and June 8 letters as requests to extend the thirty-day period and granted them, Plaintiff's motion to amend would still be untimely by over two months. (*Id.* at 1 n.1.)  It also noted that, even if Plaintiff had timely filed his motion to amend, the Court would still deny the motion as futile because the proposed amended complaint failed to cure any of the deficiencies listed in the May 2, 2022 Order. (*Id.* at 2 n.2.)

Thereafter, Plaintiff filed several letters to the Court seeking reconsideration of the May 9, 2023 Order. (May 26, 2023 Letter; July 7, 2023 Letter.)  On August 14, 2023, Plaintiff submitted a formal motion for reconsideration. (Mot. for Recons.)

## II.   **LEGAL STANDARD**

The Federal Rules of Civil Procedure do not expressly recognize motions for reconsideration. *United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999). However, in this District, Local Rule 7.1(i) provides a procedure by which a party may, within fourteen days after the entry of an order or judgment, ask a District or Magistrate Judge to reconsider a decision upon showing that a dispositive factual matter or controlling decision of law was overlooked by the court in reaching its prior decision. *See* L. Civ. R. 7.1(i); *see also Byrne v. Calastro*, 2006 WL 2506722, at *1 (D.N.J. Aug. 28, 2006).

Relief by way of a motion for reconsideration is an "extraordinary remedy," only to be granted "very sparingly." *NL Indus., Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996).  A mere disagreement with the Court will not suffice to show that the Court

overlooked relevant facts or controlling law. *United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

Courts may also construe motions for reconsideration as motions to alter or amend judgment under Fed. R. Civ. P. 59(e) or motions for relief from a final judgment or order under Fed. R. Civ. P. 60(b). Motions pursuant to these rules serve different purposes, and "the function of the motion" generally determines which rule applies. *See Turner v. Evers*, 726 F.2d 112, 114 (3d Cir. 1984).

Under Rule 59(e), a party may move to "alter or amend a [final] judgment . . . no later than [twenty-eight] days after the entry of the judgment." Fed. R. Civ. P. 59(e). A proper Rule 59(e) motion must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or to prevent manifest injustice." *Wiest v. Lynch*, 710 F.3d 121, 128 (3d Cir. 2013).

Under Rule 60(b), a court may relieve a party or its legal representative from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  A motion under Rule 60(b) must be made within a reasonable time and, for inadvertence and neglect, no more than a year after the entry of the challenged judgment.  Fed. R. Civ. P. 60(c)(1).

## III.  DISCUSSION

In Plaintiff's May 26 and July 7, 2023 Letters, he states that he "disagree[s]" with the Court's finding that his motion to amend was late.  (May 26, 2023 Letter; July 7, 2023 Letter).  He claims, "in the past," with the prior judge,[1] "[i]f the Court had not responded [he] would not be sanctioned."  (May 26, 2023 Letter.)

Further, in his formal Motion for Reconsideration, Plaintiff asserts, for the first time, that he "was under duress with harassment in the months from May 2, 2022 – November 7, 2022." (Br. in Supp. of Mot. for Recons. 1, ECF No. 13-1.)  According to Plaintiff, he filed multiple grievances during this time regarding "ongoing problems with the social worker's department and etc." (*Id.*)  He also claims that he "was hesitant to file as-per the May 2, 2022 [Order]" because of the harassment and other factors "such as RETAILIATION [sic]." (*Id.* at 5.)

Finally, Plaintiff challenges the Court's finding that he failed to cure the deficiencies relating to his retaliation claim.  (*See* May 26, 2023 Letter; July 7, 2023 Letter.)  The Court addresses each argument below.

### A.  Whether the Court Should Reconsider and Deem Plaintiff's Amended Complaint as Timely Filed

Plaintiff's argument that the Court should reconsider and deem his motion to amend his complaint as timely filed is best analyzed under Rule 60(b)(1) as an assertion of excusable neglect or inadvertence.  Under that Rule, "[t]he determination whether a party's '"neglect" is excusable

---

[1] On January 10, 2023, this matter was reassigned from former Chief Judge Freda L. Wolfson to the undersigned. (*See* January 10, 2023 Order, ECF No. 9.)

5

is essentially an equitable one, in which courts are to take into account all relevant circumstances surrounding a party's failure to file.'" *George Harms Constr. Co. v. Chao*, 371 F.3d 156, 163 (3d Cir. 2004) (citation omitted).  The same is true in determining whether to relieve a party from an order resulting from inadvertence.  In making these determinations, courts consider: (1) "the danger of prejudice"; (2) "the length of the delay and its potential impact on judicial proceedings"; (3) "the reason for the delay, including whether it was within the reasonable control of the movant"; and (4) "whether the movant acted in good faith."  *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *see Doe v. 9197-5904 Quebec, Inc.*, 727 F. App'x 737, 739 (3d Cir. 2018).

Here, without the benefit of briefing from Defendants, who have yet to be served, it is difficult to ascertain any prejudice from Plaintiff's failure to timely submit an amended complaint without engaging in speculation.  Accordingly, this factor favors Plaintiff.

The length of the delay, however, weighs heavily against Plaintiff.  Had the delay been only a few days or even weeks, the Court might have overlooked it.  However, Plaintiff filed the proposed amended complaint over five months late.  Although Plaintiff submitted a letter to the Court on or around May 17, 2022 requesting that the Court "hold in abeyance any pending decision until I am able to report back," there was no pending decision at that time.  Moreover, although Plaintiff submitted a request for a "60[-]day extension in the above matter" on or around June 8, 2022, that request was untimely itself as it should have been made within the thirty-day period the Court provided to submit an amended complaint.[2]  In any event, even if the Court construed both letters as requests for an extension to file an amended complaint and granted them, Plaintiff's filing of the proposed amended complaint was still over two months late.

---

[2]  This is true even if the Court were to give Plaintiff the benefit of the so-called "prisoner mailbox rule."

The reason for the delay also weighs against Plaintiff as it was entirely within his control to file an amended complaint within the time specified by the Court. Plaintiff argues that the Court should excuse his delay in filing because the prior judge "has always allowed me time, and if th[ere] was no response to the request, she has never penalized me, as long as it was made in GOOD FAITH!" (*See* July 7, 2023 Letter.) The Court rejects this argument because it is Plaintiff's responsibility to comply with the Court's orders and actively prosecute his case, particularly, whereas here, he has a litigious history. *See Briscoe v. Klaus*, 538 F.3d 252, 258–59 (3d Cir. 2008). To the extent that the Court did not respond to Plaintiff's request for an extension, at the very least, he should have submitted a second request for an extension before his initial requested extension would have expired.

Plaintiff further argues that the Court should excuse his delay in filing because he "was under duress with harassment in the months from May 2, 2022 – November 7, 2022" and he felt "hesitant to file as-per the May 2, 2022 [Order]" because of the harassment and other factors "such as RETAILIATION [sic]." (Br. in Supp. of Mot. for Recons. 1, 5.) However, Plaintiff provides no evidence of any duress or harassment during that time, and Plaintiff's argument is bellied by the fact that he submitted other filings during that period in this case and in others, including the filing of at least one other complaint. (*See, e.g.*, May 17, 2022 Letter; June 8, 2022 Letter); *see also McKinney v. Gramp, et al.*, No. 22-6061 (D.N.J. filed Oct. 12, 2022); *McKinney v. Fitzgerald, et al.*, No. 18-12-987 (D.N.J. filed August 17, 2018). Accordingly, the Court finds that it was entirely within Plaintiff's control to meet the Court's deadline, and this factor weighs against him.

Finally, there are no indications that Plaintiff acted in bad faith. Thus, this factor favors Plaintiff.

Taking into account all relevant circumstances, the Court concludes that the circumstances, as a whole, weigh against a finding of excusable neglect or inadvertence.  Accordingly, the Court denies Plaintiff's invitation to reconsider and deem his motion to file an amended complaint as timely.

**B.     Whether the Court should Reconsider its Finding that Plaintiff Failed to Cure the Deficiencies in the Complaint Regarding His Retaliation Claim**

Having declined to reconsider and deem Plaintiff's motion to file an amended complaint as timely, the Court could end the analysis here.  Nonetheless, as an alternative basis for denying Plaintiff's requests for reconsideration, the Court briefly addresses Plaintiff's remaining argument that the Court erred in finding that Plaintiff failed to cure the deficiencies with his retaliation claim.

Plaintiff claims the Court erred because "I was retaliated against for making constitutionally protected complaints and grievances," and "[t]he law is settled in the [S]upreme [C]ourt and 3rd [C]ircuit [Court] of Appeals."  (May 26, 2023 Letter; *see also* July 7, 2023 Letter (expressing his disagreement with the Court's finding because "the law is settled . . . that officials cannot retaliate because of complaints filed").)  In his formal Motion for Reconsideration, Plaintiff claims that he "clearly pled retaliation" and simply recites his allegations.  (*See* Br. in Supp. of Mot. for Recons. 2–4.)

Although the basis of Plaintiff's request for reconsideration is not entirely clear, the Court finds that this argument is best analyzed as a purported need to correct a clear error of law or to prevent manifest injustice under Rule 59(e).  In any event, the argument is meritless because Plaintiff did not cure the deficiencies the Court noted in its May 2, 2022 Opinion and Order with respect to his retaliation claim, and he points to no clear error of law.  For example, in the May 2, 2022 Opinion, the Court indicated that Plaintiff "fails to show that he suffered an adverse action sufficient to sustain a First Amendment retaliation claim" and "fails to show a sufficient causal

connection between the various grievances he allegedly filed against Defendants, and the purported adverse action, *i.e.*, his removal from the R.H.U. activity group on June 5, 2017." (May 2, 2022 Op. 9–10.)  The proposed amended complaint adds no facts or allegations to address these concerns.  Accordingly, Plaintiff's argument that the Court erred in finding that he failed to cure the deficiencies is meritless.

## IV.   CONCLUSION

For the reasons above, the Court will deny Plaintiff's letter requests for reconsideration and Motion for Reconsideration.  An appropriate order follows.

Date: February 20, 2024

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**